UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JONATHAN M. MCCLAIN,<br><br>            Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>           Defendant. | CASE NO. C15-1743JLR<br><br>ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

## I. INTRODUCTION

Plaintiff Jonathan M. McClain seeks review of the denial of his application for supplemental security income ("SSI") benefits. As discussed below, the court REVERSES Defendant Commissioner Carolyn W. Colvin's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II. BACKGROUND

On April 3, 2013, Mr. McClain protectively filed an application for SSI benefits, alleging disability as of April 1, 2010. (Administrative Record ("AR") (Dkt. # 8) at 21.) Mr. McClain's application was denied initially and on reconsideration. (*Id.*) After the

ORDER - 1

administrative law judge ("ALJ") conducted a hearing on February 3, 2014, the ALJ issued a decision finding Mr. McClain not disabled. (AR at 21-30.)

The ALJ utilized the five-step disability evaluation process,[1] and the court summarizes her findings as follows:

> **Step one:** Mr. McClain has not engaged in substantial gainful activity since April 3, 2013, the application date.
>
> **Step two:** Mr. McClain has the following severe impairments: idiopathic cardiomyopathy, facioscapulohumeral muscular dystrophy, and obesity.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual functional capacity ("RFC"):** Mr. McClain can perform light work as defined in 20 C.F.R. § 416.967(b) except he can frequently climb ramps and stairs but never ladders, ropes, and scaffolds. He has no limitations with balancing, stooping, kneeling, crouching or crawling. He should avoid concentrated exposure to cold, heat, fumes, dusts, odors, poor ventilation, and hazards such as moving machinery and unprotected heights. He can frequently bilaterally handle but cannot engage in any repetitive forceful gripping, grasping, or turning.
>
> **Step four:** Mr. McClain is capable of performing past relevant work as an administrative clerk. This work does not require the performance of work-related activities precluded by his RFC, so Mr. McClain is not disabled.
>
> **Step five:** Alternatively, there are jobs that exist in significant numbers in the national economy that Mr. McClain can perform. Therefore, he is not disabled.

(*See* AR at 23-30.) The Appeals Council denied Mr. McClain's request for review, making the ALJ's decision the Commissioner's final decision.[3] (*See* AR at 1-7.)

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

[3] The court omits the rest of the procedural history because it is not relevant to the outcome of the case.

ORDER - 2

## III. ANALYSIS

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Here, the Commissioner concedes that the ALJ's findings are based on harmful legal error. (*See* Resp. Br. (Dkt. # 19) at 2.) The Commissioner acknowledges that the ALJ erred in failing to develop the record and in weighing the evidence in the record, so the resulting RFC and finding of no disability were not supported by substantial evidence. (*See id.* at 5.)

The Commissioner argues that the appropriate remedy is a remand for further administrative proceedings, in which the Appeals Council should instruct the ALJ to: offer Mr. McClain a new hearing; consider the additional evidence submitted to the Appeals Council; further develop the record, including any evaluations by the Washington Department of Social and Health Services and any treatment notes from Roland Feltner, M.D.; further evaluate the opinion evidence including the opinions of Dr. Feltner and Martin K. Childers, D.O., Ph.D.; further evaluate Mr. McClain's alleged symptoms; further evaluate Mr. McClain's RFC; and, if warranted, obtain supplemental evidence from a vocational expert to assist in determining whether Mr. McClain can perform work at step four or step five. (*See id.* at 5-6.) Mr. McClain argues that the case should be remanded for an immediate award of benefits. (*See* Reply Br. (Dkt. # 22) at

ORDER - 3

8-9.)[4]

The court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is in "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy" and that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, outstanding conflicts between the opinions of medical sources in the record

---

[4] Mr. McClain also argues that in addition to committing harmful error, the ALJ was biased in his case. (*See* Reply Br. at 2.) Mr. McClain points to the errors of law and fact made by the ALJ as evidence of her bias. (*See id.*) However, the ALJ's errors in the case are not sufficient evidence that the ALJ was personally biased against Mr. McClain. *See Schweiker v. McClure*, 456 U.S. 188, 195 (1982) (stating that courts must begin with a presumption that the ALJ was unbiased, which can only be rebutted by showing a conflict of interest or some other specific reason for disqualification).

ORDER - 4

must be resolved before a determination of disability can be made. In new evidence submitted by Mr. McClain to the Appeals Council, Dr. Feltner wrote that Mr. McClain was limited to low-stress work, could only stand for two hours and sit for four hours in an eight-hour workday, would need walking breaks and resting breaks throughout the day, and ultimately would be absent from work due to his impairments more than four days a month. (*See* Op. Br. (Dkt. # 12) at 21-24.) However, this evidence conflicts with the medical opinion of Guillermo Rubio, M.D., who opined that Mr. McClain was capable of light work, including being able to sit or stand for six hours in an eight-hour workday. (*See* AR at 98-101.)

Mr. McClain argues that the record is clear that he is disabled and that to delay benefits would be an injustice. (*See* Reply Br. at 9.) However, outstanding conflicts in the medical evidence render it unclear from the record whether the ALJ would be required to find Mr. McClain disabled on remand. The court acknowledges the economic, medical, and emotional hardship that claimants may face in waiting for a final disability determination, but the court may not remand for an award of benefits simply for those reasons. The court concludes that remand for further administrative proceedings, as requested by the Commissioner, is warranted.

## IV.   CONCLUSION

For the foregoing reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings under sentence

//

ORDER - 5

four of 42 U.S.C. § 405(g).

DATED this 30th day of June, 2016.

_____
JAMES L. ROBART
United States District Judge

ORDER - 6